FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 APR 19  PM 1: 47

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES MIZE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 106-2 |
| | ) | |
| FRED BURNETTE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a prisoner pursuant to a state conviction in Glascock County, Georgia, filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254. Respondent has filed a response to the petition. For the reasons that follow, the Court recommends that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

## I. BACKGROUND

In February 2002, a grand jury sitting in Glascock County, Georgia, returned an indictment charging petitioner with malice murder, felony murder, aggravated assault, and possession of a firearm in the commission of a crime. After a jury trial, petitioner was convicted on the felony murder, aggravated assault, and possession of a firearm charges and received a sentence of life in prison plus fifteen years.

Petitioner then appealed his conviction and sentence to the Georgia Supreme Court,

arguing that the trial court erred in instructing the jury that it could enter a felony murder conviction based on criminal negligence, that the trial court erred in refusing to charge the jury on involuntary manslaughter, and that there was insufficient evidence to support the conviction.  The Georgia Supreme Court affirmed the conviction and sentence, Mize v. Georgia, 586 S.E.2d 648 (Ga. 2003), and denied a motion for reconsideration on October 6, 2003.  Resp. Ex. 8.

Petitioner filed a state petition for writ of habeas corpus on November 7, 2003.  Resp. Ex. 1, 2.  After an evidentiary hearing, the state habeas court denied relief on February 2, 2005.  Resp. Ex. 4.  The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the habeas denial on December 1, 2005.  Resp. Ex. 5.

Petitioner filed the instant Section 2254 petition on January 6, 2006.  Doc. 1.  As grounds for relief, petitioner cites several alleged flaws in his state habeas proceeding, prosecutorial misconduct, error by the state trial court, and several instances of ineffective assistance of counsel.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended Section 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in Williams v. Taylor,

529 U.S. 362, 404 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

Id. at 404-05 (emphasis added).

The Eleventh Circuit has explained the difference between the "contrary to" and

"unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.

> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable application" is an "objectively unreasonable" application.

Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted). Thus,

a habeas petition may be granted if "the state court's decision was contrary to, or involved

3

an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

## III. DISCUSSION

### A. State Habeas Proceedings

Petitioner asserts that the state habeas court erred by not issuing "findings of fact or conclusions of law" in response to petitioner's briefing, and that the habeas court denied his request to appoint an expert witness. The Eleventh Circuit has recognized that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief." Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004). While a deficiency in a state habeas

4

proceeding could affect the deference granted to the habeas court's factual findings, Hardwick v. Crosby, 320 F.3d 1127, 1158 (11th Cir. 2003), such a deficiency cannot serve as an independent ground for federal habeas relief. Quince, 360 F.3d at 1262 n.3. Thus, petitioner may not obtain relief on these grounds.

### B. Prosecutorial Misconduct

Petitioner also contends that the state prosecutor elicited false testimony during petitioner's trial. Petitioner raised this claim in his state habeas proceedings, but he did not raise the claim at trial or on direct appeal. The state habeas court found the claim procedurally defaulted under Official Code of Georgia Annotated, Section 9-14-48(d).

When a state habeas court correctly applies a state procedural default rule, a federal court should defer to the state court ruling and refuse to address the claim. Caniff v. Moore, 269 F.3d 1245, 1246-47 (11th Cir. 2001) (per curiam) (citing Harmon v. Burton, 894 F.2d 1268, 1270 (11th Cir. 1990)). To overcome the procedural bar, a petitioner must show either cause for the default and resulting actual prejudice, or that a fundamental miscarriage of justice will occur if the federal court does not address the petitioner's claims. Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (citing McCoy v. Newsome, 953 F.2d 1252, 1257 (11th Cir. 1992)). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson, 501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance

5

in which a constitutional violation probably has resulted in the conviction of a defendant who

is actually innocent of the crime.  Murray v. Carrier, 477 U.S. 478, 496 (1986).

Under Official Code of Georgia Annotated, Section 9-14-48(d), a state habeas court

must

> review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

"The rule now may be stated as follows:  a failure to make timely objection to any alleged

error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ

of habeas corpus."  Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985).  Georgia law also

requires that claims of ineffective assistance of trial counsel be raised at the "earliest

practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims

are procedurally defaulted.  White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v.

State, 359 S.E.2d 664, 665 (Ga. 1987).

Plaintiff does not allege ineffective assistance of counsel as a ground for avoiding

Georgia's procedural default rule, nor does he sufficiently allege that a fundamental

miscarriage of justice will result if his conviction is not vacated.  The state habeas court

properly applied Georgia's procedural default rule to prevent plaintiff from raising a claim

not previously presented on post-conviction review, and he accordingly cannot obtain federal

habeas relief on those claims.

6

### C. Exhaustion

Petitioner next claims that the trial court erred when, during jury deliberations, it responded to a question from the jury "by telling the jury to decide the case on the instructions previously given." According to petitioner, "the court had an obligation to recharge and clear up any confusion in the minds of the jury on the instructions given." 2254 Pet. at 6. Petitioner did not present this ground for relief to the state courts.

The AEDPA requires a district court to dismiss habeas claims that the petitioner has a right to raise in a state court but fails to raise in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The Supreme Court has held that a petitioner is deemed to have exhausted his state judicial remedies when the state courts have been allowed a fair opportunity to address the petitioner's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Claims raised for the first time in a federal habeas proceeding, however, may be construed as exhausted if the claims are procedurally barred under state law. Teague v. Lane, 489 U.S. 288, 297-98 (1989). Where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not

7

require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Under Official Code of Georgia Annotated, Section 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. O.C.G.A. § 9-14-51. The Eleventh Circuit has held that Section 9-14-51 should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The Court perceives no reason why this ground for relief could not have been presented previously in state court, and the Court accordingly finds that Section 9-14-51 would bar consideration of the claim. Because petitioner failed to raise and exhaust his claim related to the trial court's answer to a jury question, he should not obtain relief in his Section 2254 motion on this ground.

### D. Ineffective Assistance of Counsel

Finally, petitioner asserts that his trial counsel failed to investigate the evidence of his case properly and reveal to the trial court discrepancies in finger-print evidence. Petitioner presented this claim in his state habeas proceedings, but the state habeas court rejected petitioner's argument.

The Court must defer to the state court's findings unless those findings are contrary to, or involve an unreasonable application of, clearly established federal law. Putman, 268 F.3d at 1241. The Court notes that

[c]learly established federal law is *not* the case law of the lower federal courts, including [the Eleventh Circuit].  Instead, in the habeas context, clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.

Id.

Ineffective assistance of counsel claims should be evaluated under the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  To succeed in an ineffective assistance of counsel claim under Strickland, a petitioner must show both that counsel's performance was ineffective and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic trial decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

9

deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack

of sufficient prejudice, which we expect will often be so, that course should be followed."

Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985).  Under the prejudice prong of

Strickland, "[t]he defendant must show that there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.  A

reasonable probability is a probability sufficient to undermine confidence in the outcome .

. . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95).

The state habeas court applied the Strickland standard and concluded that petitioner

failed to satisfy either the performance or prejudice prongs of Strickland.  Resp. Ex. 4 at 8-

13.  The court found that

> Petitioner's claims are wholly unsupported by the record and Petitioner has
> therefore failed to satisfy the burden required of him by Strickland v.
> Washington.  In this case, the record revealed that [petitioner's counsel]
> thoroughly investigated Petitioner's case, met with and explained the
> evidence to Petitioner, and formulated Petitioner's defense of self-defense
> based up on the evidence.  Contrary to Petitioner's assertion, [petitioner's
> counsel] prepared and filed suggested jury instructions, many of which were
> given. [Petitioner's counsel] also explained that he decided not to address
> some of Petitioner's concerns because he either had no knowledge of the
> allegations or because they would not benefit Petitioner.  As an example,
> [petitioner's counsel] reasonably decided not to introduce evidence of a GBI
> handgun report because the fact that no fingerprints were found on the
> handgun would be inconclusive.  Similarly, [petitioner's counsel] did not
> raise an issue regarding DNA testing of bloody rags because he recalled no
> such evidence. Finally, [petitioner's counsel] reviewed the evidence seized
> from Petitioner, Petitioner's statement, and statements taken from witnesses
> and found no basis to move to suppress any of the evidence.  Of course, the
> record is completely devoid of any indication of a conspiracy between
> [petitioner's counsel] and the State during Petitioner's trial.  This Court
> therefore concludes that each of [petitioner's counsel's] decisions was
> reasonable, and Petitioner has failed to show error by trial counsel.

Id. at 10-11.

10

The Court finds that the habeas court's analysis is not contrary to, or an unreasonable application of, the <u>Strickland</u> standard.  Accordingly, the Court will not disturb the state habeas court's findings.

## IV. CONCLUSION

For the reasons set forth above, the Court recommends that the petition for habeas corpus relief be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

SO REPORTED AND RECOMMENDED this 19th day of April, 2006, at Augusta, Georgia.

 

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE