FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 MAY 12 PM 1:12

CLERK C Reynolds
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES MIZE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 106-2 |
| | ) | |
| FRED BURNETTE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.[1] The petition is **DISMISSED** and this civil action is **CLOSED**.

SO ORDERED this 12th day of May, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner contends in his objections that he raised a claim, the trial court's failure to re-charge the jury, that the Magistrate Judge determined to be unexhausted in his state habeas proceeding. A review of the state habeas record reveals that petitioner did not raise the issue in his original petition for writ of habeas corpus or in his amended petition. He apparently attempted to raise it in a "Motion to Grant on Issues That Cannot be Opposed," which was submitted on the day of petitioner's state habeas hearing. While the state habeas court did grant a motion to amend the petition at that hearing, the jury re-charge issue was not a part of that motion, and the court did not grant petitioner permission to amend his petition with any other claims. Resp. Ex. 6 at 8. Thus, it does not appear that the state habeas court granted petitioner permission to add the claim involving the trial court's failure to re-charge the jury, and the Magistrate Judge's finding that the claim was unexhausted accordingly was appropriate.